IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AUDIE DENVER WHEELER,**

      **Petitioner,**

v. // CIVIL ACTION NO. 1:14CV36
                              (Judge Keeley)

**RUSSELL A. PERDUE, Warden,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 10], AND DISMISSING § 2241 PETITION [DKT. NO. 1] WITH PREJUDICE**

Pending before the Court is the "Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241" (dkt. no. 1) filed by the petitioner, Audie Denver Wheeler ("Wheeler"). Also pending is the "Motion to Dismiss or for Summary Judgment" (dkt. no. 10) filed by the respondent, Russell A. Perdue ("Perdue"), as well as the Report and Recommendation ("R&R") of the Honorable James E. Seibert, United States Magistrate Judge, recommending that Perdue's motion be granted and Wheeler's petition be dismissed with prejudice. (Dkt. No. 21). After reviewing the R&R for clear error,[1] the Court **ADOPTS** the R&R, **GRANTS** Perdue's motion, and **DISMISSES** Wheeler's petition **WITH PREJUDICE**.

---

[1] Wheeler did not object to the R&R. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.") (italics in original).

In 2006, Wheeler was convicted on numerous drug and firearm related counts. After a couple of reductions, his ultimate sentence was 221 months. Wheeler has spent time in several facilities during his term of incarceration, including FCI Fort Dix in New Jersey from November 2011 to May 2013, and FCI Gilmer in West Virginia from May 2013 to August 2014. He is currently housed at FCI Berlin in New Hampshire.

In April 2013, Bureau of Prisons ("BOP") staff at FCI Fort Dix, where Wheeler was incarcerated at the time, performed a search of Wheeler's cell and discovered two mobile phones and related contraband hidden in a locker. Because possession of a "portable telephone" is a "Greatest Severity Level Prohibited Act" under BOP regulations, 28 C.F.R. § 541.3, Table 1 at 108, Wheeler was subject to a disciplinary hearing. See § 541.8. Based on the evidence and Wheeler's admission to the violation, the hearing officer imposed the following sanctions: loss of forty days of vested good conduct time, forfeiture of 324 days of non-vested good conduct time, thirty days of disciplinary segregation, loss of ninety days of commissary and visiting privileges, and loss of five years of e-mail and phone privileges.

Wheeler appealed the sanctions, arguing that the hearing officer, an African-American, had discriminated against Wheeler, a Caucasian, and that non-Caucasian inmates had received lesser

sanctions for the same offense.  He further argued that the sanctions were extreme.

After exhausting the administrative process on appeal, Wheeler filed the instant petition.  He makes the same arguments that he made on appeal, and alleges that the hearing officer told him, "[i]t is a bad time for someone like you (a person of [c]aucasian descent) to get caught with a cellular telephone, because the Arian [sic] Brotherhood had just used a cellular telephone to have a warden killed as well as had a Unit Team staff member assaulted in Colorado."  (Dkt. No. 1 at 7).  He further alleges that "numerous African-American inmates with similar incident reports received much less severe sanctions," and that "Hispanic inmates with similar incident reports as the African-America[n] inmates . . . fared much better than Mr. Wheeler's ethnic group."  Id.

As correctly observed in the R&R, Wheeler's claim of bias is devoid of any factual support in the record, and the allegedly biased statement is insufficient to overcome the "presumption of honesty and integrity" afforded to hearing officers.  Withrow v. Larkin, 421 U.S. 35, 47 (1975).  Moreover, Wheeler has failed to provide any evidence that he was treated differently from inmates of other races or ethnicities.  Finally, the sanctions imposed were within those authorized by BOP regulations.  See § 541.3, Table 1 (Available Sanctions for Greatest Severity Level Prohibited Acts); see also Wallace v. Ebbert, 505 Fed. App'x 124, 125 (3d Cir. 2012)

(affirming district court judgment that rejected allegation of "harsh and unjust" sanctions, because the sanctions "fell within the range of acceptable punishments outlined in the applicable regulations").

Therefore, for the reasons discussed, the Court **ADOPTS** the R&R, **GRANTS** Perdue's motion, and **DISMISSES** Wheeler's petition **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the active docket.

DATED: January 27, 2015.

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE